DANIELS (BELL v.). See Case No. 1,247.

## Case No. 3,567.

### DANIELS et al. v. McCABE.

[3 Cliff. 114.] [1]

Circuit Court, D. New Hampshire. May Term, 1868.

SALE OF INTOXICATING LIQUORS—PROHIBITION BY STATE STATUTE—FEDERAL LICENSE AND TAX.

Where goods were sold, and the contract and account of sale and delivery completed in a

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

state where a sale of that description of merchandise was prohibited by statute, the vendor is not entitled to recover the contract price, although he holds a license for the sale of such goods under the internal-revenue act of the United States, and although the internal-revenue tax upon such goods had also been paid.

Assumpsit for goods sold and delivered. Facts agreed.

Plaintiffs [Nathaniel A. Daniels and others] were citizens of Massachusetts, and the defendant [Michael McCabe] a citizen of New Hampshire. The agreed statement showed that the amount claimed was for liquors sold, which were not imported. They were sold by the plaintiffs at their store in Boston, in December, 1863, and by them delivered to the defendant at the depot of the Boston and Maine Railroad in that city. At the time of the sale the plaintiffs were licensed as wholesale and retail dealers in liquors, under the internal-revenue law of the United States, and said liquors had paid an internal-revenue tax prior to the sale. Although licensed under the internal-revenue law of the United States, the plaintiffs, at the time of the sale, had no license to sell the liquor, under the law of the state. Sections 28, 30, and 61 of chapter 86 of the General Statutes of Massachusetts were made a part of the case.

Hackett & Smith, for plaintiffs, cited Sartwell v. Hughes [Case No. 13,177]; Holman v. Johnson, Cowp. 341; Hodgson v. Temple, 5 Taunt. 181; Langton v. Hughes, 1 Maule & S. 593; Cope v. Rowlands, 2 Mees. & W. 149; Cannan v. Bryce, 3 Barn. & Ald. 179; Harris v. Runnels, 12 How. [53 U. S.] 79.

This action is not founded upon any cause of action enumerated in the Massachusetts General Statutes (section 61), upon which it is there provided no action shall be maintained. This provision is not only to be construed strictly, but by implication any instrument or contract not enumerated therein may be a good cause of action.

I. A. Eastman, for defendant.

Gen. St. Mass. §§ 28–30, which make a part of this case, impose a penalty for the sale of liquors. Such penalty implies a prohibition of the act of sale, and the price cannot be recovered. Lewis v. Welch, 14 N. H. 294; Carlton v. Bailey, 27 N. H. 230. Section 61, Gen. St. Mass., prohibits recovery. The fact that the liquors had paid a revenue tax does not impair the force of the Massachusetts statute, for the internal revenue act expressly provides that the laws of the states in regard to such sales shall not be affected by the revenue act.

CLIFFORD, Circuit Justice. The substantial finding of the case is, that the liquors were sold at the store of the plaintiffs in Boston, and were by them delivered to the defendant at the depot of the railroad named in that city, so that it clearly appears that the contract was made and the sale com-

pleted in the state where the plaintiffs reside. Actual delivery of the liquors to the defendant at that place must be understood as found by the statement of facts. Such is the clear import of the statement; but if it be considered as a delivery to a carrier for the defendant, it was equally valid, as between the parties, and the same conclusion must follow. Orcutt v. Nelson, 1 Gray, 542.

"Delivery to a common carrier," says Shaw, C. J., in that case, "completes the contract of sale, vests the property in the vendee, and consequently the goods, during the transit, are at the risk of the vendee." Section 28 prohibits the manufacture for sale, and the selling of spirituous and intoxicating liquors, or any mixed liquor, part of which is spirituous or intoxicating, unless the party doing any of those acts is authorized, as provided in that chapter (page 442). The penalty prescribed by the thirtieth section of the act is ten dollars, and imprisonment in the house of correction not less than twenty nor more than thirty days for the first offence, which is increased for subsequent violations. All payments or compensations for spirituous or intoxicating liquors sold in violation of law, whether in money, labor, or personal property, are declared by the sixty-first section to have been received without consideration, and against equity, law, and good conscience. Page 448. These several sections are, by the agreed statement, made a part of the case. The settled law in Massachusetts is, that no action can be maintained to enforce an executory contract for the price of liquors sold and delivered. Adjudged cases to that effect, in the reported decisions of the highest court of that state, are quite numerous.

Consignors of spirituous liquors, it is held, cannot maintain an action against their consignees, for the breach of an agreement to render an account of sales, pay the value of the liquors sold, and return the residue. King v. McEvoy, 4 Allen, 110.

The express rule also, as laid down by that court is, that no action lies to recover the proceeds of spirituous liquors sold in violation of law, by one to whom they had been intrusted, for the purpose of being sold by the owner. Justification for such a principle, which refuses damages for a breach of trust, can only be found in some positive rule of law, denying any power in the court to grant relief. Galligan v. Fannan, 7 Allen, 255.

Damages cannot be recovered for a breach of warranty in the sale of a horse, where it appears that the price of the horse is to be paid in liquors, which the purchaser cannot legally sell. Howard v. Harris, 8 Allen, 207; Baker v. Collins, 9 Allen, 253.

Taken together, it would seem that these decisions are sufficient to show what the rule upon the subject is; but the highest court of that state has formally decided that no action will lie against a surety upon a promissory note, given in part for the price of cider sold for a beverage, within that state. Nourse v. Pope, 13 Allen, 87.

Neither authority nor argument is necessary to show that these decisions of the state court furnish the rule of decision in this case, as the proposition is universally acknowledged. Such is the rule upon general principles, but it is expressly made so by the thirty-fourth section of the judiciary act. 1 Stat. 92.

Payment of a license fee or tax, or both, to the United States, under the internal-revenue laws passed by congress, does not authorize the sale of intoxicating liquors, in violation of the laws of a state. Com. v. Holbrook, 10 Allen, 200.

Discussion of that question, however, is now unnecessary, as it is now authoritatively settled by the decision of the supreme court. Pervear v. Com., 5 Wall. [72 U. S.] 475.